UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHEDDRICK JACOBS,

           Plaintiff,

vs.                            Case No. 2:06-cv-221-FtM-34SPC

DEP. GAMEZ, DEP. BRETT, DEP. ELLEGOOD,[1] and DEP. MADDOX,

           Defendants.
_____

**<u>OPINION AND ORDER</u>**[2]

This matter comes before the Court upon Defendants' joint Motion for Summary Judgment filed on behalf of Defendants Gamez, Brett and Maddox on June 4, 2007 ("Motion," Doc. #40). The Court has advised Plaintiff of the manner in which to respond to a motion for summary judgment and directed Plaintiff to file a response to the Motion (Docs. #19, #43). On August 13, 2007, the Court deferred ruling on the Motion to permit Plaintiff an opportunity to retain counsel (Doc. #47). At that time, Plaintiff was further advised that counsel must enter an appearance on or before October 15, 2007. <u>Id.</u> Alternatively, if Plaintiff was unable to retain

___

[1]On September 15, 2006, the Court dismissed Plaintiff's Complaint against Defendant Ellegood, but withheld judgment pending adjudication of the action as a whole (Doc. #19).

[2]This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the matters addressed herein and is not intended for official publication or to serve as precedent.

counsel, he was directed to file a response to the Motion on or before October 30, 2007. Id. After not receiving any response from Plaintiff, the Court, on January 2, 2008, again directed Plaintiff to file a response to the Motion within eleven (11) days (Doc. #49). As of the date of this Order, Plaintiff has failed to file a response to Defendants' Motion, or request any further extensions of time to do so, and the time for doing so has long since expired. This matter is now ripe for review.

I.

Pro se Plaintiff filed a civil rights complaint form pursuant to 42 U.S.C. § 1983 ("Complaint," Doc. #1) alleging constitutional violations stemming from a March 26, 2004, incident that occurred while Plaintiff was confined as a pretrial detainee in the Lee County Jail. According to the Complaint, Plaintiff and his cell mate, who were being escorted in handcuffs by Defendants Gamez and Brett, were talking while en route back to their cell from the showers. Complaint at 9.[3] Defendants then "turned Plaintiff and his cell mate around and directed them back to the shower area . . ." Id. After placing Plaintiff's cell mate back in the shower, Defendants "escorted the Plaintiff around the corner out of sight of the camera." Id. Defendants then each grabbed one of Plaintiff's arms and "began to slam the Plaintiff's head into the

---

[3]The page numbers referenced herein are to the page of each particular document as it appears on the Court's case management electronic computer filing system.

wall . . . repeatedly until the [Defendants] caused a 2½ inch laceration over the Plaintiff's right eye . . ." Id. Defendants then kicked Plaintiff in the "back of the legs with their boots until they caused a laceration on the Plaintiff's right calf. . ." Id. at 10. Defendant Gamez then pulled out his stun gun and said "I am gonna kill you and get away with it." Id. Before Gamez used the stun gun, Defendant Brett told Gamez "chill out I hear someone coming." Id. Gamez told Plaintiff "this is your lucky day." Id. Plaintiff was then returned to his cell and his requests for medical attention were "ignored." Id.

Plaintiff asserts that he "did nothing to warrant that type of force" against him "while he was handcuffed and could not defend himself or even cover up." Id. Plaintiff states that he filed a grievance with Captain Ellegood, but did not receive a response to the grievance. Id. The following day, Defendant Maddox came to see Plaintiff and told Plaintiff that his "grievance ain't gonna go anywhere and the incident will be covered up." Id. Plaintiff seeks compensatory damages in the amount of $100,000 against each Defendant. Id. at 11.

Defendants, who are correctional officers employed at the Lee County Jail, move for summary judgment (Doc. #40). Defendants dispute the factual allegations set forth in Plaintiff's Complaint and contend that the "undisputed evidence of record" demonstrates that Defendants "used reasonable force to gain compliance and

control of [Plaintiff]. . ." Motion at ¶2. Further, Defendants maintain that no constitutional violation occurred because Plaintiff sustained only a *de minimis* injury as a result of the force applied. Id. at ¶6. Finally, Defendants argue that, to the extent they are being sued in their individual capacities, they are entitled to qualified immunity. Id. at ¶5. In support of their Motion, Defendants attach affidavits from Osvaldo Gamez (Doc. #40-2, "Gamez Aff."), Jay Brett (Doc. #40-3, "Brett Aff."), and Mark S. Maddox (Doc. #40-4, "Maddox Aff."). A March 27, 2004 Incident Report concerning the incident at issue is attached to the affidavits and is referred to as "Exhibit A" in each affidavit (Exh. A). The Incident Report was prepared by Defendant Maddox, who investigated the March 26, 2004 incident. Maddox Aff. ¶2. During his investigation, Maddox spoke with Officers Trulock, Brett and Gamez, who were involved in the incident; Nurse Allen, who evaluated and treated Plaintiff after the incident; Plaintiff Jacobs; and Inmates Anderson and Pierce, who witnessed the incident. Id. ¶¶3-4.

The evidence submitted by Defendants presents the following chronology of events. On March 26, 2004, Plaintiff attempted to break the phone that was located in the day room shower at 2 East. Exh. A. Due to Plaintiff's actions, the phone cord below the base of the phone became separated. Id. A photograph of the damaged telephone is included in the Incident Report. Id. Plaintiff then

became disruptive and threatened to kill Officer Trulock. Id. Trulock called for assistance to help move the inmates who were present, including Plaintiff, out of the shower. Brett Aff. ¶5; Gamez Aff. ¶5. At 4:40 p.m., Defendants Gamez and Brett responded and proceeded to escort Plaintiff from the shower back to his cell at 2X-1. Exh. A; Brett Aff. ¶6; Gamez Aff. ¶6. En route, Plaintiff spit at Inmate Anderson and attempted to spit on Defendant Gamez. Brett Aff. ¶7; Gamez Aff. ¶7. Defendant Gamez responded by turning Plaintiff away from him and placing Plaintiff against the wall. Brett Aff. ¶8; Gamez Aff. ¶8. Gamez then ordered Plaintiff to stop spitting. Id. Defendants Gamez and Brett secured Plaintiff against the wall and ordered Plaintiff to "calm down." Brett Aff. ¶9; Gamez Aff. ¶9. After gaining Plaintiff's compliance, Plaintiff was returned to his cell at 2X-1. Id. The incident was witnessed by Inmates Anderson and Pierce. Brett Aff. ¶12; Gamez Aff. ¶11; Maddox Aff. ¶7. Inmates Anderson and Pierce concurred with officers Gamez and Brett's statements of the incident. Maddox Aff. ¶7; Exh. A. At no time did Defendants Gamez or Brett, or any officer in the area, punch or kick Plaintiff. Maddox Aff. ¶9; Exh. A. Plaintiff admitted to Maddox during the investigation that he "continued to yell after being told by corrections officer not to . . . attempted to break the phone and . . . was disruptive while being escorted." Maddox Aff. ¶6.

Nurse Allen was called to examine Plaintiff and medically cleared Plaintiff at 4:52 p.m. Gamez Aff. ¶10. As a result of the incident, Plaintiff sustained a "minor laceration above his right eye." Exh. A. A photograph of Plaintiff's injury is included in the Incident Report. Id. Plaintiff received two disciplinary reports stemming the March 26, 2004, incident: one for destruction of county property and one for insolence. Id.

## II.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue at to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004).

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion "bears the burden of

persuasion" and must come forward with affidavits, depositions, answers to interrogatories, admissions, or other evidence, and "set forth specific facts showing that there is a genuine issue for trial." Beard v. Banks, ___ U.S. ___, 126 S.Ct. 2572, 2578 (2006)(citations omitted); Celotex, 477 U.S. at 322; Hilburn v. Murata Electronics North America, Inc., 181 F.3d 1220, 1225 (11th Cir. 1999). If there is a conflict in the evidence, the non-moving party's evidence is to be believed and "all justifiable inferences" must be drawn in favor of the non-moving party. Beard, 126 S.Ct. at 2578 (citations omitted); Shotz v. City of Plantation, Fl., 344 F.3d 1161, 1164 (11th Cir. 2003). "A court need not permit a case to go to a jury, however, when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'" Cuesta v. School Bd. of Miami-Dade County, 285 F.3d 962, 970 (11th Cir. 2002) (citations omitted). Nor, are conclusory allegations based on subjective beliefs sufficient to create a genuine issue of material fact. Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling in a motion for summary judgment. Scott v. Harris ___ U.S. ___, 127 S. Ct. 1769, 1776 (2007). In the summary judgment context, however, the Court must construe *pro se* pleadings more liberally

than those of a party represented by an attorney. <u>Loren v. Sasser</u>, 309 F.3d 1296, 1301 (11th Cir. 2002).

### III.

Title 42 U.S.C. § 1983 imposes liability on one who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that: (1) Defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11th Cir. 1998); <u>U.S. Steel, LLC v. Tieco, Inc.</u>, 261 F.3d 1275, 1288 (11th Cir. 2001). Here, Defendants, who are correctional officers employed by the Lee County Sheriff, are state actors. Liberally construing the Complaint, Plaintiff alleges a First Amendment violation against Defendant Maddox for denying Plaintiff access to Court; and, an Eighth Amendment violation against Defendants Gomez and Brett for subjecting Plaintiff to excessive use of force. <u>See generally</u> Complaint.

**A. First Amendment/Denial of Access to Court**

With respect to Plaintiff's access to the court claim, interference with an inmate's access to the court constitutes a First Amendment violation, which is actionable under 42 U.S.C.

§ 1983. <u>Bounds v. Smith</u>, 430 U.S. 817, 821-22 (1977); <u>Chandler v. Baird</u>, 926 F.2d 1057 (11th Cir. 1991). In <u>Lewis v. Casey</u>, 518 U.S. 343, 348-49 (1996), the Supreme Court made clear that in order to state a denial of access to court claim the plaintiff must allege an actual injury. <u>Id.</u> at 349-52. "The injury requirement is not satisfied by just any type of frustrated legal claim." <u>Id.</u> at 354. Instead, the plaintiff must be able to show that the denial of access to court prejudiced him in a criminal appeal, post-conviction matter, or in a civil rights action under 42 U.S.C. § 1983 "to vindicate 'basic constitutional rights.'" <u>Id.</u> (quoting <u>Wolff v. McDonnell</u>, 418 U.S. 539, 579 (1974)). Moreover, a plaintiff cannot establish injury unless the case that plaintiff was unable to pursue had arguable merit. <u>Lewis</u>, 518 U.S. at 352-53 n. 3; <u>Wilson v. Blankenship</u>, 163 F.3d 1284, 1291 (11th Cir. 1998).

Here, Plaintiff's access to court claim is predicated solely upon Defendant Maddox's statement to Plaintiff that his "'grievance ain't gonna go anywhere and the incident will be covered up.'" Complaint at 10. Plaintiff does not allege in the Complaint that any injury resulted from Defendant Maddox's statement. Indeed, Plaintiff avers that he exhausted his available administrative remedies; and, Defendants do not challenge Plaintiff's claimed exhaustion of his available administrative remedies. Complaint at 4. Thus, even assuming that Defendant Maddox made the alleged statement and Plaintiff's efforts in bringing this action were

Case 2:06-cv-00221-MMH-SPC   Document 50   Filed 03/31/08   Page 10 of 14 PageID 193

somehow frustrated, the Complaint fails to articulate a constitutional violation since Plaintiff does not allege any actual injury as a result of Defendant Maddox's actions. The Complaint is otherwise devoid of any allegations as to Defendant Maddox. As the Complaint fails to state a claim upon which relief can be granted as to Defendant Maddox, Defendant's Motion for Summary Judgment is due to be granted as to this Defendant. Thus, the Court will address the merits of Plaintiff's remaining claims as against Defendants Gamez and Brett only.

### B. Eighth and Fourteenth Amendments/Excessive Use of Force and Denial of Medical Care

Because Plaintiff was a pretrial detainee at the time of the events of which he complains, his rights are governed by the Fourteenth Amendment rather than the Eighth Amendment, although the applicable standard is the same. Hasemeier v. Shephard, No. 07-10688, 2007 WL 3096501 *2 (11th Cir. Oct. 22, 2007)(citing Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005)). Under the Eighth Amendment, it is the "unnecessary and wanton infliction of pain" caused by force used "maliciously and sadistically" for the very purpose of causing harm that constitutes cruel and unusual punishment. Whitley v. Albers, 475 U.S. 312, 322 (1986). Thus, where an Eighth Amendment claim is based upon allegations of excessive force, the question turns on whether the correctional officer's "force was applied in a good faith effort to maintain or restore discipline or maliciously or sadistically for the very

purpose of causing harm." Bozeman, 422 F.3d at 1271. To determine whether force was applied "maliciously and sadistically," courts consider the following factors: "(1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them." Campbell v. Sikes, 169 F.3d 1353, 1375 (11th Cir. 1999) (internal quotations and citations omitted). "A prison guard's words, though not determinative, are relevant to malicious intent." Hasemeier, 2007 WL 3096501 *2 (citations omitted).

In the context of prison discipline, a distinction is made between "punishment after the fact and immediate coercive measures necessary to restore order or security." Ort v. White, 813 F.2d 318, 324-25 (11th Cir. 1987). When a facility's internal safety is of concern, the courts conduct a more deferential review of the official's actions. Williams v. Burton, 943 F.2d 1572, 1575 (11th Cir. 1991)(citations omitted). "That deference extends to a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline." Whitley, 475 U.S. at 322; See also Bell v. Wolfish, 441 U.S. 520, 547 (1979).

Here, the record establishes the need for force without contradiction. Indeed, Plaintiff completely failed to present <u>any</u> evidence in support of his claims or to refute the evidence submitted by Defendants. Plaintiff, as the party opposing summary judgment, was not entitled to rest upon the mere allegations contained in his Complaint. See <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604, 608 (11th Cir. 1991); <u>Jeffrey v. Sarasota White Sox</u>, 64 F.3d 590, 593-94 (11th Cir. 1995); <u>Walker v. Darby</u>, 911 F.2d 1573, 1577-78 (11th Cir. 1990). Instead, Plaintiff was required to go beyond his Complaint and, through affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that a genuine issue remains for trial. <u>See Jeffrey</u>, 64 F.3d at 593-94. Plaintiff failed to do so. Thus, the Court will consider Plaintiff's claims in accordance with the uncontroverted evidence of record.

Upon review of the record, the Court finds Plaintiff's disruptive and belligerent behavior precipitated the need for force by the Defendants. **Gamez Aff. ¶4; Brett Aff. ¶4; and Maddox Aff. ¶6.** Plaintiff threatened the life of another correctional officer and exhibited disruptive behavior by breaking the telephone located in the day room shower area. Exh. A. Plaintiff then spit on another inmate and attempted to spit on Defendant Gamez while Defendants attempted to escort Plaintiff back to his cell. Gamez Aff. ¶¶7-8; Brett Aff. ¶7. Defendants turned Plaintiff's face into

the wall in the corridor in an effort to prevent Plaintiff from spitting further on either the officers or other inmates, and Plaintiff was ordered to stop his unruly behavior. Gamez Aff. ¶8; Brett Aff. ¶8.

This Court recognizes that correctional officers must be afforded wide discretion to implement an action that in their judgment is necessary to maintain discipline and preserve internal security. Soto v. Dickey, 744 F.2d 1260, 1269 (7th Cir. 1984) (citing Bell, 441 U.S. at 547-548). Based upon the undisputed record, the Court finds that the force applied by Defendants was neither excessive, nor done solely to inflict pain upon Plaintiff. Consequently, the Court finds that Defendants Gamez and Brett's response to Plaintiff's disruptive and belligerent behavior did not violate Plaintiff's constitutional rights. Further, based upon the evidence, Plaintiff sustained only a "minor laceration" above his eye, which constitutes no more than a *de minimis* injury as a result of the force applied. Maddox. Aff., Exh. A. Moreover, Plaintiff has failed to present even a scintilla of evidence to support his claim of deliberate indifference to a serious medical condition. To the contrary, the record demonstrates that Plaintiff was both evaluated and cleared by medical staff 12 minutes after the incident. Maddox Aff. Exh. A.

Thus, based upon the record, the Court finds that Defendants Gamez and Brett are entitled to summary judgment with respect to

Plaintiff's Fourteenth and/or Eighth Amendment claims alleging an excessive use of force and denial of medical care. Because the Court finds that Defendants Gamez and Brett did not violate Plaintiff's constitutional rights, it need not address whether Defendants' actions are protected by qualified immunity. Beshers v. Harrison, 495 F.3d 1260, 1268 (11th Cir. 2007) (citing Scott, 127 S.Ct. at 1774).

Accordingly it is hereby

**ORDERED**:

1.  Defendants' Motion for Summary Judgment (Doc. #40) is **GRANTED**.

2.  The **Clerk of the Court** shall: (1) enter judgment pursuant to the Court's September 15, 2006 Order and as set forth above; (2) terminate any pending motions; and (3) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this 31st day of March, 2008.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

SA: hmk
Copies: All Parties of Record